Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
David Shein (SBN 230870)
david@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STAR FABRICS, INC., a California Corporation, <br><br> Plaintiff, <br><br> v. <br><br> CINTEG CORPORATION, d/b/a "HELLO MIZ," a California corporation; SCOTT AND ADDISON, LLC, d/b/a "PinkBlush," a California Limited Liability Company; and DOES 1 through 10, <br><br> Defendants. | Case No.: <br><br> PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT <br><br> <u>Jury Trial Demanded</u> |

　　Plaintiff STAR FABRICS, INC., a California corporation ("Plaintiff"), by and through its undersigned attorneys, hereby prays to this honorable Court for relief as follows:

### JURISDICTION AND VENUE

　　1.　This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101 *et seq*.

- 1 –
**COMPLAINT**

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff STAR FABRICS, INC. is a corporation organized and existing under the laws of the State of California with its principal place of business located in Los Angeles, California.

5. Plaintiff is informed and believes and thereon alleges that Defendant CINTEG CORPORATION d/b/a "Hello Miz" ("HELLO MIZ"), a corporation organized and existing under the laws of the State of California, with its principal place of business located at 1624 N. Indiana Street, Los Angeles, CA 90063.

6. Plaintiff is informed and believes and thereon alleges that Defendant SCOTT AND ADDISON, LLC d/b/a "PinkBlush" ("PINKBLUSH"), a limited liability company organized and existing under the laws of the State of California, with its principal place of business located at 25392 Commerce Centre Drive, Suite A, Lake Forest, CA 92630. PINKBLUSH operates an online storefront at https://www.shoppinkblush.com/ through which it sells products under its name.

7. Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 10 (together with HELLO MIZ and PINKBLUSH, "Defendants"), are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

8. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## INFRINGEMENT OF DESIGN 74713

9. Plaintiff owns an original two-dimensional artwork used for purposes of textile printing entitled Design # 74713 (the "Subject Design") which has been registered with the United States Copyright Office under Registration No. VAu 1-256-313.

10. Since 2016, Plaintiff has widely disseminated fabric bearing the Subject Design to numerous parties in the fashion and apparel industries.

11. Plaintiff is informed and believes and thereon alleges that HELLO MIZ, PINKBLUSH, and certain DOE defendants created, sold, manufactured, caused to be manufactured, imported, and/or distributed fabric and/or garments comprised of fabric bearing an unauthorized reproduction of the Subject Design (the "Subject Products") to its retailers as well as to the public. Subject Products include but is not limited to garments sold as follows:

12. By PINKBLUSH, bearing the label HELLO MIZ," under Style No. CM01636AH-LTB, SKU 705186811197, and RN GA294964, indicating it was manufactured or otherwise distributed by HELLO MIZ;

13. By HELLO MIZ, bearing the label "HELLO MIZ," under Style No. CMD1636 AH, and RN GA294964, indicating it was manufactured or otherwise distributed by HELLO MIZ.

14. A comparison of the Subject Design and the garments below makes apparent that the elements, composition, arrangement, layout, and appearance of the designs are substantially similar. A representative comparison of the Subject Design and Subject Product appears below:

| Subject Design | Offending Products |
|---|---|
| Detail  | Detail  |
| Design  | Garment |

**FIRST CLAIM FOR RELIEF**

(For Copyright Infringement – Against All Defendants, and Each)

15. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the proceeding paragraphs of this Complaint.

16. \Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Design, including, without limitation, through (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of the Subject Design by third-party vendors and/or DOE Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to Plaintiff's strike-offs and samples, and (d) access to garments in the marketplace manufactured with lawfully printed fabric bearing the Subject Design.

17. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by creating, making and/or developing directly infringing and/or derivative works from the Subject Design and by producing, distributing and/or selling Offending Products through a nationwide network of retail stores, catalogues, and through on-line websites.

18. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered damages in an amount to be established at trial.

19. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants', and each of their, profits attributable to the infringement of the Subject Design in an amount to be established at trial.

20. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would

not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Design in an amount to be established at trial.

21. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment against all Defendants as follows:

a. That Defendants—each of them—and their respective agents and servants be enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiff's copyrights in the Subject Design;

b. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

c. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;

d. That Plaintiff be awarded pre-judgment interest as allowed by law;

e. That Plaintiff be awarded the costs of this action; and

f. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

///

///

///

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Date: March 12, 2025                    DONIGER / BURROUGHS

                                      By:   /s/ Stephen M. Doniger
                                             Stephen M. Doniger, Esq.
                                             David Shein, Esq.
                                             Attorneys for Plaintiff