UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-02204-MRA-SK | Date | July 23, 2025 |
|---|---|---|---|
| Title | *Star Fabrics, Inc. v. Cinteg Corporation et al.* | | |

| Present: The Honorable | MONICA RAMIREZ ALMADANI, UNITED STATES DISTRICT JUDGE |
|---|---|

| Melissa H. Kunig | None Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:**   **(IN CHAMBERS) ORDER TO SHOW CAUSE WHY THE COURT SHOULD EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS**

On March 12, 2025, Plaintiff Star Fabrics, Inc. ("Star Fabrics") filed an action against Defendants Cinteg Corporation, d/b/a "Hello Miz" ("Cinteg"), a California corporation; Scott and Addison, LLC, d/b/a "Pinkblush" ("Scott and Addison"), a California limited liability company; and Does 1 through 10, asserting a federal claim for copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.* ECF 1. Star Fabrics alleged that the Court had original federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331. *Id.* ¶ 2. On May 28, 2025, Scott and Addison filed its Answer to the Complaint and Cross-Complaint against Cinteg, asserting state law claims for (1) breach of implied warranty of merchantability; (2) equitable indemnity; and (3) restitution and unjust enrichment. ECF 15. Scott and Addison allege that the Court may exercise supplemental jurisdiction over its crossclaims pursuant 28 U.S.C. § 1367. *Id.* ¶ 1.

On May 29, 2025, the Court issued an Order setting the Scheduling Conference in this matter for May 29, 2025. ECF 17. On June 25, 2025, Scott and Addison and Star Fabrics jointly stipulated pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) that Plaintiff's claims against Defendants are dismissed in their entirety with prejudice and that the case shall proceed only as to Scott and Addisons' crossclaims against Cinteg. ECF 19 ¶¶ 1, 3; *see* Fed. R. Civ. P. 41(a)(1)(A)(ii) (permitting dismissal without court order upon filing of a stipulation of dismissal by all parties who have appeared). With Plaintiff's federal-law claims dismissed, the Court no longer has original jurisdiction over any claims. The only remaining claims are Scott and Addison's state-law crossclaims over which the Court may exercise supplemental jurisdiction. On July 2, 2025, Scott and Addison requested that the Clerk enter default against Cinteg. ECF 20. On July 8, 2025, the Clerk issued a Notice of Deficiency, indicating that default could not be entered against Cinteg because no proof of service of the crossclaim had been filed. ECF 21. This case has not proceeded beyond the pleading stage.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-02204-MRA-SK | Date | July 23, 2025 |
|---|---|---|---|
| Title | *Star Fabrics, Inc. v. Cinteg Corporation et al.* | | |

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is presumed that a cause lies outside the federal courts' limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citations omitted). Moreover, courts have an "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 1237 (2006) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 586 (1999)). The Supreme Court has emphasized that although a court *may* exercise pendent or supplemental jurisdiction, this "does not mean that jurisdiction must be exercised in all cases." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172 (1997). The Supreme Court has recognized that supplemental jurisdiction is "a doctrine of discretion, not of plaintiff's choice." *Id.* (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)). The supplemental jurisdiction statute enumerates the following situations in which a district court can decline to exercise supplemental jurisdiction:

> (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988). Indeed, the Ninth Circuit has recognized that "once the district court, at an early stage of the litigation, dismisse[s] the only claim over which it had original jurisdiction, it d[oes] not abuse its discretion in also dismissing the remaining state claims." *Parra v. PacifiCare of Ariz., Inc.*, 715 F.3d 1146, 1156 (9th Cir. 2013).

In light of the foregoing, the Court hereby **ORDERS** as follows:

1.  The Scheduling Conference set for July 28, 2025, is **VACATED**.

2.  Scott and Addison shall **SHOW CAUSE** in writing no later than **Monday, July 28, 2025**, why the Court should exercise supplemental jurisdiction over the remaining crossclaims in this matter. In the alternative to a written response, Scott and Addison may file by the same deadline a Notice of Voluntary Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), dismissing the crossclaims without prejudice to pursue them in the appropriate forum.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-02204-MRA-SK | Date | July 23, 2025 |
|---|---|---|---|
| Title | *Star Fabrics, Inc. v. Cinteg Corporation et al.* | | |

3.    Failure to timely or adequately respond to this Order to Show Cause shall result in the Court declining to exercise supplemental jurisdiction over Scott and Addison's crossclaim pursuant to 28 U.S.C. § 1367(c) and closing the case.

**IT IS SO ORDERED.**

-        :        -

Initials of Deputy Clerk        mku